OCTOBER AND NOVEMBER TERM, 1883, No. 189. OCTOBER 9, 1883.

## Harrison *et al. v.* County of Armstrong.

1. No action will lie against a county until after the claim on which it is founded has been presented to the Commissioners and payment thereof refused.

2. The defendant may take advantage of the failure of the plaintiff to prove such demand by a request to the Court to charge in his favor, though he has gone to trial upon the general issue.

Before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. MERCUR, C. J., and PAXSON, J., absent.

Error to Court of Common Pleas of *Armstrong County.*

*Assumpsit* by James Harrison and John Harrison co-partners, trading as Harrison & Bro., against The County of Armstrong, to recover the sum of $2,229 71 for extra work and material furnished in erecting a jail and jailer's house under a contract.

The defendant pleaded *non assumpsit*, payment and payment with leave, &c.

Upon the trial in the Court below, before NEALE, P. J., after the evidence of the plaintiff and defendant upon these pleadings had been closed, and no proof had been given of a demand upon the county commissioners before suit brought, counsel for defendant asked the Court to charge the jury *inter alia :*

"*Fifth.* That the plaintiffs cannot, under all the evidence in the case, recover, as there is no evidence of a demand on the commissioners for payment of the claim, nor of refusal to pay the claim by the commissioners prior to bringing this action."

During the argument of counsel for defendant, plaintiffs' counsel asked permission to re-open his case and prove a demand made upon the commissioners. The Court refused this request.

The Court thereupon charged the jury, *inter alia*, as follows :

["Independent of what has been stated to you, we are called upon by the defendant's fifth point to say that under all the evidence in the case the plaintiff cannot recover in this action, because no demand was made upon the commissioners prior to the bringing of this suit. This we have affirmed, and we here instruct you that it is the law of this Commonwealth that before a recovery can be had in this kind of an action, a demand for the amount

claimed should be made upon the commissioners before the bringing of the suit; that is to say, before the 3d day of May, 1876, and the burden lies upon the plaintiff to show you that such demand was made. It must be by a presentation of the claim to the commissioners and a demand of payment. A demand upon any other person will not be sufficient. The commissioners of the county must first know of the claim, and have an opportunity of paying it or of refusing to pay it, before the county, of which they are only representatives, can be made liable in an action at law.

We submit this as a matter of fact, whether at any time before suit was brought such claim, or any part of it, was presented and a demand made for its payment. You have heard the comment of the counsel upon this branch of the case, and you will recollect all the evidence bearing upon the fact, and you will determine whether such demand was made. If you find there was a demand made, you will take into consideration the amount, and determine whether it has been paid for or not, how much remains unpaid, and for that amount, with interest, your verdict should be returned; but should you find that no such demand was made, the plaintiff cannot recover, and that would be an end to the case so far as your duties apply.]

This part of the charge of the court might have been delivered to you in the beginning, because if you should find as a matter of fact that there was no actual demand made upon the county for this claim, or for any part of it; if there was a part of the claim actually demanded from the county by the plaintiffs in the case, so far as that branch of this case is concerned, it would incur the bringing of an action as to any actual amount claimed by the plaintiffs prior to the bringing of the action, but should you now feel that there was no claim made by the plaintiffs to the commissioners as the. representatives of the county, then your verdict would have to be for the defendants, because the plaintiffs cannot recover in an action of this kind without such previous claim having been made upon the county."

September 27, 1882, verdict for defendant, upon which judgment was afterward entered.

Plaintiffs then took out a writ of error and assigned as error that portion of the charge inclosed between brackets.

*Edward S. Golden* and *John S. Ferguson*, for plaintiffs in error.

[Harrison *et al.* *v.* County of Armstrong.]

The general issue had been pleaded and the case went to trial on that issue and was tried upon the merits. After the evidence had been closed on both sides, the question of the failure to make demand was for the first time raised by a point put to the Court. This could not be done. It was too late.

It is a universal rule of pleading that a plea in bar, such as was put in in this case, is a waiver of a plea in abatement. Did the want of demand touch the merits of the controversy, or did it simply attach the pending action? No man can doubt that the latter was the effect of the plea, and hence it follows as a corollary that the defense was waived by a plea in bar.

By section 40, rule 10, of the Rules of the Common Pleas of Armstrong county, it is provided that "no dilatory plea shall be received unless supported by affidavit." A plea that no demand had been made before suit was brought is manifestly a dilatory plea, and under the rule would have to be verified: Green *v.* North Buffalo Township, 6 P. F. S., 110.

A plea in abatement after a plea in bar may be struck off by the Court although the plea in bar had been withdrawn by leave of court and permission granted to file a new plea: Beitler *v.* Study, 10 Barr, 418.

The commissioners of a county should not be permitted, after denying all liability and declaring that if the claim had been presented it would have been rejected, to say that a recovery ought not to be had because the claim was not presented before suit brought. They should claim such privilege at the very beginning of the action.

*D. Barclay* and *G. S. Crosby* for defendant in error.

Until a demand is made, neither the commissioners nor the county are in default, and without it a suit cannot be maintained against the county.

It was no fault of the defendant in the court below that the plaintiffs did not prove their demand if they had ever made one upon the commissioners of the county, and thus make out their complete case: Luzerne County *v.* Day, 11 Harris, 143.

OCTOBER 9, 1883.—PER CURIAM: It is undoubtedly true that no action will lie against a county until after the claim, on which it is founded, has been presented to the commissioners and payment thereon refused, and the Court below did well so to tell the jury.

                    Judgment affirmed.